## EPHRAIM RICHARDS *vs.* ALVIN RANDALL.

To a writ of entry, the tenant pleaded a single plea, denying the disseizin as to part of the land, and disclaiming as to the residue. The jury found that the tenant did not disseize, and assessed damages for the rents and profits of the land disclaimed. *Held*, that by virtue of the *St.* of 1836, *c.* 273, abolishing special pleading, and authorizing all matters of law or of fact to be given in evidence under the general issue, the demandant was the prevailing party, and as such entitled to costs.

On the trial of a writ of entry, when issue is taken on the disclaimer of the tenant, the demandant, if he obtains a verdict, is entitled to recover, under the Rev. Sts. *c.* 101, the mesne profits of the land, received by the tenant.

WRIT OF ENTRY. Plea, as to a portion of the land described in the writ, nul disseizin ; and as to the residue, a disclaimer. Trial before *Merrick,* J., who made the following report thereof :

" This was a real action for recovery of a tract of land in Pelham, and the question was one of boundary. As to a portion of the land described in the writ, the tenant disclaimed ; and as to the other portion, he pleaded nul disseizin.

" The demandant, as part of his case, read in evidence the deed under which the tenant claimed title, (filed for record on the first day of trial,) and referred to that part of the description in the deed which included a portion of the land disclaimed.

" The demandant also introduced evidence tending to show that the tenant had taken the rents and profits by cutting and occupation, within six years past, on said disclaimed portion.

5 *

" The tenant, in the course of his opening, stated that if he established his title either by deed or by adverse possession, the demandant could not recover.

" After this opening, and to avoid all misapprehension as to the extent of the demandant's claim, the demandant's counsel stated that he should claim the right to traverse the disclaimer, and to recover damages for rents and profits taken from the disclaimed parcel, as well as the lands not disclaimed; and contended that no formal issue was necessary to do this, under *St.* 1836, *c.* 273.

" The court instructed the jury, if they found for the tenant on the question of seizin as to the land in dispute, to assess damages for the cutting and occupation on the disclaimed portion, if any were sustained.    The jury found that the tenant did not disseize the demandant, and assessed damages for rents and profits of a portion of the land disclaimed.

" The tenant claimed title by virtue of the description in the title deeds produced on trial, and also by adverse possession. The jury, upon being inquired of by the court, stated that they found for the defendant on the title deeds.

" Upon the foregoing facts, if the demandant is entitled to recover for the rents and profits, such judgment is to be entered as the whole court shall direct; if not, judgment for the tenant on the verdict."

*C. P. Huntington,* for the tenant.    The verdict was for the tenant on the only issue joined; for a disclaimer raises no issue. The judgment must follow the verdict.    And the right to recover rents and profits depends on the recovery of judgment for the land, upon the trial of the title.    Rev. Sts. *c.* 101, §§ 13, 14, 16–19, 24.    Stearns on Real Actions, 225, 469, 470.    *Porter* v, *Rummery,* 10 Mass. 66.    *Prescott* v. *Hutchinson,* 13 Mass. 442. *Raymond* v. *Andrews,* 6 Cush. 268, 269.    As, by Rev. Sts. *c.* 101, § 13, a disclaimer may be pleaded in abatement, the questions of rents and profits and of improvements might be tried on a plea in abatement, if the ruling of the court was correct.

As the tenant prevailed on the only issue joined, he was entitled to full costs.    Rev. Sts. *c.* 121, § 1.    *Prescott* v. *Hutchinson,*

above cited. The Rev. Sts. *c.* 101, § 13, providing that no costs shall be allowed to a party pleading a disclaimer, except such as accrue after the filing of the plea, apply only to a case where it is pleaded as to the whole land. If the costs are to be divided, the tenant should be allowed costs on that issue on which he prevailed.

*C. Delano*, for the demandant. The disclaimer raises a substantial issue upon which the jury may have to pass. It might formerly be made by plea in bar, and, when damages were sought, was traversable. Rev. Sts. *c.* 101, § 13. Stearns on Real Actions, 223, 224. The same issue is now raised by a single specification of defence. *St.* 1836, *c.* 273. *Churchill* v *Loring*, 19 Pick. 465. *Wheelwright* v. *Freeman*, 12 Met. 154. The substance of the issue is, whether the demandant has a right in the land disclaimed, which the tenant has denied, and by holding the possession and taking the rents and profits, driven him to his action ; and to what damage. *Prescott* v. *Hutchinson*, 13 Mass. 439. *Second Parish in Wells* v. *Osborn*, 2 Mass. 446. *Putnam Free School* v. *Fisher*, 34 Maine, 172. The jury have found actual occupation by the tenant, and the facts proved would have availed as a reply of nontenure under the former practice, and much more to a disclaimer. Stearns on Real Actions, 224. *Prescott* v. *Hutchinson*, above cited. The demandant's verdict for damages is his exclusive remedy. *Raymond* v. *Andrews*, 6 Cush. 265. Rev. Sts. *c.* 101, §§ 14, 15.

The demandant is therefore the prevailing party, and as such entitled to costs. Rev. Sts. *c.* 121, § 1.

Dewey, J. Under the rules of special pleading, the demandant, having filed no replication to the disclaimer, would have been held to have assented to the position, taken by the tenant, that he had claimed no title to, and exercised no acts of ownership over, that portion of the land disclaimed ; and that portion of the land would have been no longer in issue.

But by the provisions of *St.* 1836, *c.* 273, abolishing special pleading, no other plea can be filed than the general issue. Hence, in the present case, the proper mode of pleading would have been, to have pleaded the general issue as to the whole.

and filed the disclaimer, as a specification of defence, as to a part. *Wheelwright* v. *Freeman*, 12 Met. 156. Had this been done, no further pleading would have been required of the demandant to put in issue the matter of the disclaimer, and the whole case would have been properly tried under the general issue. Instead of adopting this form of pleading, the plea filed was one plea or answer to the whole claim, denying the disseizin as to a part, and disclaiming as to the residue. No replication was filed to this plea, nor any formal issue joined; but the parties proceeded to trial, apparently treating the tenant's plea as the general issue, and, as such, requiring no replication, but opening the question of the truth of the plea, as to both portions of the land. And the course of the trial and the evidence offered were such as to raise both questions.

We think the case must now be considered as having been submitted to the jury upon both points, and the demandant entitled to all the benefits that he would have been entitled to under the general issue required by the statute. The actual finding of the jury was for the tenant, as to the portion of the land the title of which was in question; and for the demandant, as to that portion as to which the issue raised was whether the tenant had claimed title to it. Under the general rule, giving costs to the plaintiff, if he maintains his action, though in part only, the demandant is entitled to costs, as this is not a case where there are two or more counts on only one of which the plaintiff recovers judgment. Rev. Sts. *c.* 121, §§ 1, 16.

The further question, and perhaps a more difficult one, is that of the right of the demandant to recover damages for rents and profits or use of land as to which the tenant disclaimed title. No such question could arise in a case where the disclaimer was in accordance with the truth; for when the tenant had not claimed or occupied the land, he could not be liable for use and occupation. But in this case the verdict shows that the action was properly instituted, and that the tenant had set up a claim of title, and had actually used and occupied the premises, and received rents and profits for which he ought to be chargeable. In such a case, when issue is taken on a plea of nontenure or

disclaimer, and the demandant maintains the issue on his part, he may virtually be said to recover judgment for the land, within the meaning of Rev. Sts. *c.* 101, § 14 ; and there is no more reason why he should not recover rents and profits, than if he had pre-vailed against a tenant who denied his title before the jury ; the leading object of the statute—to prevent multiplicity of actions —applies equally in both cases. The court are therefore of opinion, that on a writ of entry, when the tenant specifies in defence a nontenure or disclaimer, and the jury find for the demandant on that issue, he may recover damages for the rents and profits, wrongfully taken by the tenant, of the land dis-claimed.

The demandant is therefore entitled to judgment for his costs, and also for his damages for the occupation of the land dis-claimed.